UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MENDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>C-TWO GROUP, INC., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-13-5914 EMC<br><br>**ORDER GRANTING DEFENDANT MOBILESTORM, INC.'S MOTION TO DISMISS**<br><br>**(Docket No. 23)** |

      Plaintiff Jamie Mendez has filed a class action against Defendants C-Two Group, Inc. and mobileStorm, Inc. ("mS"), alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA"). *See* 47 U.S.C. § 227. The Court held a hearing on mS's motion to dismiss on April 18, 2014. This order memorializes the Court's oral rulings.

      More specifically, the Court **GRANTS** mS's motion to dismiss for failure to state a claim for relief, but this does not bar Ms. Mendez from seeking leave to add mS back to the lawsuit should she uncover facts supporting a viable claim against mS during discovery.

      As to what kind of role mS would have to have in order to be held liable, the parties largely agreed at the hearing that mS could be held liable if, *e.g.*, it was the originator or controller of the content of the text message. *See* 102 S. Rpt. 178 (1991) (stating that "[t]he regulations concerning the use of these machines apply to the persons initiating the telephone call or sending the message and do not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message"). Also, mS could be held liable if it demonstrated a high degree of involvement in, or actual notice of the unlawful activity and

failed to take steps to prevent the text transmissions. *Cf.* 47 C.F.R. § 64.1200(a)(3)(vii) (providing that a facsimile broadcaster can be liable under such high degree of involvement).

Because the Court is granting the motion to dismiss, mS's alternative request for a dismissal or stay based on the primary jurisdiction doctrine is technically moot. However, the Court notes that, should mS re-enter this litigation, the Court would not be inclined to stay based on the primary jurisdiction doctrine without some indication that the FCC would soon be ruling on the issue of whether a software provider could be liable under the TCPA in circumstances similar to those presented herein.

This order disposes of Docket No. 23.

IT IS SO ORDERED.

Dated: April 21, 2014

_____
EDWARD M. CHEN
United States District Judge

2