LAURIE E. SHERWOOD, State Bar No. 155312
lsherwood@wfbm.com
ALEXANDER F. PEVZNER, State Bar No. 221606
apevzner@wfbm.com
WFBM, LLP
601 Montgomery Street, Ninth Floor
San Francisco, California 94111-2612
Telephone:   (415) 781-7072
Facsimile:   (415) 391-6258

Attorneys for Defendant
C-TWO GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMIE MENDEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>C-TWO GROUP, INC.; MOBILESTORM, INC.; and DOES 1-40,<br><br>   Defendants. | Case No. 3:13-cv-05914-HSG (KAW)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

Subject to the approval of the Court, the parties stipulate to the following protective order:

1.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order ("Order").  Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2.  By designating a document, thing, material, testimony or other information derived

therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure, Rule 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material produced pursuant to this Order only to:

(a) outside counsel of record in this action for the party receiving Confidential Material, as well as employees of such outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) the officers, directors, and employees of the party receiving Confidential Material to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action) of a party receiving Confidential Documents to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the party designating documents as Confidential Materials or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" ("Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(c) through (g) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing

1  not to mount a challenge promptly after the original designation is disclosed.

2        9.      The party or non-party challenging confidentiality ("Challenging Party") shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

      10.      If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      11.      The burden of persuasion in any such challenge proceeding shall be on the designating

1  party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose
2  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.
3  Unless the designating party has waived the confidentiality designation by failing to file a motion to
4  retain confidentiality as described above, all parties shall continue to afford the material in question
5  the level of protection to which it is entitled under the producing party's designation until the court
6  rules on the challenge.

7        12.  Documents inadvertently produced without the confidential designation may be
8  substituted by appropriately designated documents, provided that it will not be considered to be a
9  violation of the Order if the prior undesignated documents have, prior to the substitution, been
10 disclosed to others. Within 30 days of the receipt of a transcript of the deposition, the attorney for the
11 Party designating the deposition, or portions thereof, as Confidential or Attorneys' Eyes Only shall
12 review the transcript and notify counsel for the other Party of changes, if any, in the extent or level of
13 designation of confidentiality. When a producing party gives notice to receiving parties that certain
14 inadvertently produced material is subject to a claim of privilege or other protection, the obligations of
15 the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision
16 is not intended to modify whatever procedure may be established in an e-discovery order that provides
17 for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e),
18 insofar as the parties reach an agreement on the effect of disclosure of a communication or
19 information covered by the attorney-client privilege or work product protection, the parties may
20 incorporate their agreement in the stipulated protective order submitted to the Court

21       13.  Nothing herein shall impose any restrictions on the use or disclosure by a party of
22 material obtained by such party independent of discovery in this action, whether or not such material
23 is also obtained through discovery in this action, or from disclosing its own Confidential Material as it
24 deems appropriate.

25       14.  If Confidential Material, including any portion of a deposition transcript designated as
26 Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall
27 be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title
28 of the action, and a statement substantially in the following form:

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

3084720.1
3902-3.3422

-5-   Case No. 3:13-cv-05914-HSG (KAW)
STIPULATION AND (~~PROPOSED~~) PROTECTIVE ORDER

**FILED UNDER SEAL**

**This envelope contains information designated confidential and/or attorneys eyes only pursuant to a PROTECTIVE ORDER entered by the Court and its contents may not be examined or copied except in compliance with that order.**

15. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

16. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

18. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

19. This Order will not prejudice the right of any Party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law. Nothing in this Order shall be construed to render any document or

1  information discoverable which is not otherwise discoverable.

2      20.    Any Party, which has a good faith belief that some third party may object to the
3  production of any documents in that party's possession based upon a written confidentiality provision,
4  shall give that third party written notice of the request for the documents, the alleged confidentiality
5  provision and this order.  If within ten (10) days of receiving said written notice, either the third party
6  does not file a petition in this Court to prevent the production of the documents or the Party does not
7  file a petition in this Court on the third party's behalf, to prevent the production of the documents,
8  then the Party must produce those documents in compliance with this Order.

9      SO STIPULATED:

10  

11  Dated:  August 4, 2015        KEARNEY LITTLEFIELD LLP

13  By:    */s/Thomas A. Kearney*
14        THOMAS A. KEARNEY
      PRESCOTT W. LITTLEFIELD
15        Attorneys for JAMIE MENDEZ AND THE
      PURPORTED CLASS

16  Dated:  August 4, 2015        STONEBARGER LAW, APC

19  By:    */s/Gene J. Stonebarger*
      GENE J. STONEBARGER
20        RICHARD D. LAMBERT
      Attorneys for JAMIE MENDEZ AND THE
21        PURPORTED CLASS

3084720.1
3902-3.3422

-7-    Case No. 3:13-cv-05914-HSG (KAW)
STIPULATION AND (PROPOSED) PROTECTIVE ORDER

WALSWORTH
601 MONTGOMERY STREET, NINTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-2612
TEL (415) 781-7072 • FAX (415) 391-6258

Dated: August 4, 2015     AKAWIE & LAPIETRA

By: _____*/s/Gregory S. Nerland*_____
    GREGORY S. NERLAND
    Attorneys for Defendant
    C&L ASSOCIATES, INC.

Dated: August 4, 2015     WFBM, LLP

By: _____*/s/Alex F. Pevzner*_____
    LAURIE E. SHERWOOD
    ALEX F. PEVZNER
    Attorneys for Defendant
    C-TWO GROUP, INC.

**ATTORNEY ATTESTATION**

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

_____*/s/Alex F. Pevzner*_____
ALEX F. PEVZNER

APPROVED AND SO ORDERED:

DATED: August 6, 2015

_____[signature: Haywood S. Gilliam Jr.]_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge

# ATTACHMENT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____