Thomas A. Kearney, State Bar No. 90045
tak@kearneylittlefield.com
Prescott W. Littlefield, State Bar No. 259049
pwl@kearneylittlefield.com
**KEARNEY LITTLEFIELD LLP**
3436 N. Verdugo Rd., Ste 230
Glendale, CA 92108
Telephone (213) 473-1900
Facsimile (213) 473-1919

Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
**STONEBARGER LAW**
A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630
Telephone (916) 235-7140
Facsimile (916) 235-7141

*Attorneys for Plaintiff Mendez and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MENDEZ, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>C-TWO GROUP, INC.; MOBILESTORM, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.3:13-cv-05914-HSG<br><br>**PARTIES' AMENDED STIPULATION AND ~~PROPOSED~~ ORDER REGARDING NOTICE OF CLASS CERTIFICATION**<br><br>Hon. Haywood S. Gilliam |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to this Court's Order Certifying Class (Docket No. 92), and the Court's subsequent Order Denying Stipulation Regarding Proposed Class Notice Plan and Directing an Amended Stipulation [Docket No. 95], Plaintiff Jamie Mendez and Defendants C-Two Group, Inc., ("C-Two") and C & L Associates, Inc. ("C&L" and together with C-Two "Defendants"), by and through their respective counsel of record, having met and conferred regarding the below proposals, jointly submit the following proposed class notice program that comports with the requirements of Rule 23(c):

WHEREAS, the parties have met and conferred and have agreed to the form of notice and notice procedure described as follows:

1. Exhibit A, attached hereto should be given to the Class as notice;

2. That notice should be given via email to the Class members, due to the fact that Defendants' records have an email address for all Class Members;

3. That Plaintiff shall bear the costs of notice;

4. That Phoenix Class Action Administration Solutions, 4590 MacArthur, Suite 500, Newport Beach, CA 92660 is hereby appointed as the Notice Administrator;

5. That the parties have agreed that the notice process shall be administered as follows:

    a. Within ten (10) days of receiving notice of an Order pursuant to this Stipulation ordering that notice be provided, Defendants shall provide to the Notice Administrator the last known contact information including all known email addresses in a manner acceptable to the Notice Administrator;

    b. The Parties shall jointly supplement last known contact information as, and/or if, it becomes available;

    c. Thereafter, within fourteen (14) days of receiving the last known contact information for Class members from Defendants, the Notice Administrator shall deliver the notice attached hereto as Exhibit A to each class member via email to those Class members;

        d.       The subject line of the email should read "Mendez v. C-Two Group, Inc., USDC, Northern District of California, Case No. 13-cv-05914-HSG Class Action Notice";

        e.       The deadline for post-marking requests for exclusion shall be inserted in the text of the notice and shall be 30 days after the date of the sending of the notices;

        f.       The requests for exclusions shall be addressed to the Notice Administrator at: Phoenix Class Action Administration Solutions, 4590 MacArthur, Suite 500, Newport Beach, CA 92660, and shall be made on the opt-out card supplied in the notice email;

        g.       The Notice Administrator shall provide a report to counsel for both Plaintiff and Defendants at the conclusion of the opt-out period reporting who opted-out;

        h.       Until further order of the Court or until expiration of three (3) years from the date of this Order, whichever occurs first, the Notice Administrator shall maintain the list of Class Members provided by Defendants and the information for those Class members who excluded themselves from the case, and make this information available to the Court and the Parties;

6.       That a Class Member's request for exclusion must be made on the opt-out card supplied in the notice email;

7.       That requests for exclusion must be postmarked no later than 30 days from the date Notice was emailed;

8.       That a Class member who does not request to be excluded within 30 days from the date Notice was emailed shall be continue to be a member of the Class in this case;

9.       That, in the event that the email sent to the Class member's email address "bounces back" to the Notice Administrator, the Notice Administrator is to conduct a "skip trace" to obtain the Class member's last known physical address. The Notice Administrator is then to mail a hard copy of the Notice and opt-out form to each Class member whose email bounces back. The opt-out date for these individuals is to be filled in as 30 days from the date of the physical mailing of the Notices;

/ / /

1    10.    That a Class Member's request for exclusion must be made on the opt-out card
2 supplied in the mailed notice;

3    11.    That requests for exclusion must be postmarked no later than 30 days from the
4 date notice was mailed; and

5    12.    That a Class member who does not request to be excluded within 30 days from
6 the date Notice was mailed shall be continue to be a member of the Class in this case.

Dated: January 14, 2016                              KEARNEY LITTLEFIELD, LLP

                                                     STONEBARGER LAW, APC


                                                     By: /s/ Richard D. Lambert
                                                         Richard D. Lambert
                                                         Attorneys for Plaintiff Jamie Mendez


Dated: January 14, 2016                              WALSWORTH, FRANKLIN, BEVINS
                                                     & McCALL, LLP


                                                     By: /s/ Laurie Sherwood
                                                         Laurie Sherwood
                                                         Attorneys for C-Two Group, Inc.


Dated: January 14, 2016                              AKAWIE & LAPIETRA


                                                     By: /s/ Gregory Nerland
                                                         Gregory Nerland
                                                         Attorneys for C&L Associates, Inc.


    I, Prescott W. Littlefield, hereby attest that pursuant to LR 5-1(i) I have on file concurrence
for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

                                                     /s/ Prescott W. Littlefield
                                                     Prescott W. Littlefield

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __1/14/2016__

*[signature]*
Hon. Haywood S. Gilliam, Jr.
United States District Court Judge
Northern District of California

# Exhibit A

# If you received a text message from the Infusion Lounge between November 5, 2009 through October 15, 2013, a class action lawsuit may affect your rights.

A Court authorized this notice. This is not a solicitation from a lawyer.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| What is this? | The Court has certified this lawsuit as a class action. The lawsuit challenges the Infusion Lounge's practice of sending text messages to its customers. |
| Do Nothing | **Stay in the lawsuit. Await the outcome**. Give up your ability to sue Defendants individually. If you do nothing and stay in the lawsuit, you may receive money or benefits that may come after trial or settlement. But, you give up any rights to sue Defendants separately concerning the same legal claims as this lawsuit. |
| Exclude Yourself | **Get out of this lawsuit.** Get no benefits from this lawsuit. Keep your right to sue Defendants separately. If you exclude yourself, you will no longer be part of this lawsuit. If money or benefits are later awarded, you will receive none. But, you keep any rights to sue Defendants separately concerning the same legal claims. |

## BASIC INFORMATION

**1) What is this lawsuit about?**
This lawsuit is about text messages sent by the Infusion Lounge to its customers who entered their contact information through the Infusion Lounge's website and were sent a text message from SMS Short Code 99158 that referenced the Infusion Lounge. The Class Representative claims that the text messages violated the Telephone Consumer Protection Act of 1991 (the "TCPA"). Based upon this claim, the Class Representative is asking for damages according to the TCPA. Defendants deny these allegations and contend no violation of the TCPA occured. The Court has not decided whether the Class Representative or Defendants is correct. Lawyers must prove the claims against Defendants at trial.

**2) Who is included in the Class?**
The Class is defined in this case as: All individuals who entered their contact information online through Infusion Lounge's website and were sent a text message from SMS Short Code 99158 that referenced the Infusion Lounge from November 5, 2009 through October 15, 2013.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded and you have to decide this now.

**3) What happens if I do nothing?**
You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing, you are staying in the Class. If you stay in and the Class is awarded money or benefits, either as a result of a judgment or settlement, you will be notified about how to apply for a share. Keep in mind that if you do nothing now, regardless of whether the Class Representative wins or loses, you will not be able to separately sue, or continue to sue Defendants about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**4) Why would I exclude myself?**
If you exclude yourself from the Class – which is sometimes called "opting-out" of the Class – you won't get any money or benefits from this lawsuit. However, you may then be able to separately sue or continue to sue Defendants for the legal claims that are the subject of this lawsuit. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action. If you start your own lawsuit against Defendants after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

**5) How do I exclude myself?**
To exclude yourself from the Class, you must notify the Claims Administrator at the address identified below in writing no later than [**OPT-OUT DATE**].
Your request for exclusion must be on the form included herewith, which requests: (1)

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE**.

your full name, (2) current address, and (3) your signature. Requests for exclusion must be postmarked no later than [**OPT-OUT DATE**] and sent to:

Phoenix Class Action Administration Solutions
4590 MacArthur, Suite 500
Newport Beach, CA 92660

Do not send requests to opt-out to the Court.

**6) Do I have a lawyer in this case?**
The Court decided that the law firms of Kearney Littlefield LLP and Stonebarger Law APC are qualified to represent you and all Class Members. These law firms are experienced in handling class actions. More information about Class Counsel is available at: www.kearneylittlfield.com and www.stonebargerlaw.com.

**7) Should I get my own lawyer?**
If you want to remain a member of the Class, but you do not wish to be represented by the appointed Class counsel, you may enter an appearance through your own attorney at your own expense. To do so, you must file an Entry of Appearance with the Clerk of the Court. You will remain a Class Member with representation by your own attorney and you will be responsible for the fees and costs of your attorney.

**8) How will the lawyers be paid?**
If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Defendants.

**9) How and when will the Court decide who is right?**
As long as the case isn't resolved by a settlement, the parties will have to seek a judgment at trial or by summary judgment motion. Any proceeding will be in the United States District Court for the Northern District of California. As of the date of this notice, the Court has not yet set a trial date. If you want to attend any hearing, please call Class Counsel to confirm the date, department, and time.

**10) Do I have to come to the trial?**
You do not need to attend the trial. Class counsel will present the case for the Class Members, and Defendants will present the defenses. You are welcome to come at your own expense. If you wish to participate in the trial, you should contact Class Counsel.

**11) Will I get money after the trial?**
If the Class obtains money or benefits as a result of a judgment or a settlement, you will be notified about how to participate. We do not know how long this will take.

**12) Additional Information**
Complete copies of the pleadings, orders and other documents filed in this litigation may be examined and downloaded at any time through the Federal Pacer System. For more information, please visit www.pacer.gov. This case is titled *Mendez v. C-Two Group, Inc., et al.*, Case No. 13-cv-05914-HSG in the Northern District of California, which is located in the Ninth Circuit.

If you have any questions concerning any matter raised in this notice, or wish to provide us with your current name or address or write to Class counsel at:

KEARNEY LITTLEFIELD, LLC
Prescott Littlefield, Esq.
3436 N. Verdugo Rd., Suite 230
Glendale, CA 91208
E-mail: pwl@kearneylittlefield.com
or
STONEBARGER LAW, APC
Richard D. Lambert, Esq.
75 Iron Point Circle, Suite 145
Folsom, CA 95630
E-mail: rlambert@stonebargerlaw.com

DATED: [**MAILING DATE**]
BY ORDER OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE**.

*OPT-OUT FORM*

*Mendez v. C-Two Group, Inc., et al.*, Case No. 13-cv-05914-HSG

| | | |
|---|---|---|
| Name: | _____ | _____ |
| | *(First, Middle Initial)* | *(Last)* |
| Address: | _____ | _____ |
| | *(Street)* | *(Apt. #)* |
| | _____ | _____ |
| | *(City)* | *(State, Zip)* |
| I wish to be excluded from the Class. | | _____ |
| | | *(Signature)* |

To complete opt-out, please mail this form, no later than [**OPT-OUT DATE**] to:

> Phoenix Class Action Administration Solutions
> 4590 MacArthur, Suite 500
> Newport Beach, CA 92660

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE**.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 14, 2016, the foregoing

- **PARTIES' AMENDED STIPULATION AND [PROPOSED] ORDER REGARDING NOTICE OF CLASS CERTIFICATION**

was filed electronically with the Clerk of the Court to be served by operation of the Court's CM/ECF electronic filing system to all counsel of record.

_____
Stephanie Judd

CERTIFICATE OF SERVICE