United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MADRIGAL MENDEZ,<br>   Plaintiff,<br> v.<br>C-TWO GROUP, INC., et al.,<br>   Defendants. | Case No. 13-cv-05914-HSG<br>**ORDER**<br>Re: Dkt. No. 104 |

  Pending before the Court is the unopposed motion for preliminary approval of class action settlement filed by Plaintiff Jamie Mendez ("Plaintiff"). Dkt. No. 104 ("Mot."). Plaintiff filed suit against Defendants C-Two Group, Inc. and C&L Associates, Inc. (collectively, "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Having carefully considered the motion, the Court finds the following deficiencies.

  First, while class members will receive notice only via email, the settlement agreement requires class members to opt out of the settlement "by mail." *See* Dkt. No. 108, Ex. 1 ¶ 1.15; Dkt. No. 104, Ex. 2 at 5. The Court finds that the following changes to the parties' proposed method for submitting requests for exclusion are thus required: (1) class members must be provided with a standard opt-out form that is attached to the notice email along with the class notice, which itself should be amended to reflect the inclusion of an opt-out form. The settlement agreement should also reflect any such change. The opt-out form should be substantially identical to the opt-out form previously approved by the Court in this action. *See* Dkt. No. 97, Ex. A; and (2) any amended notice and settlement agreement should explain the parties' plan for providing notice to those class members for whom the initial email notice "bounces back" as undeliverable.

  Second, while Plaintiff's counsel has represented that he will not seek attorneys' fees and will only seek costs up to $6,500, *see* Dkt. No. 108 at 3, the updated settlement agreement does

not account for these promises. *See* Dkt. No. 108, Ex. 1 ¶¶ 8.1, 8.2. Third, the originally filed notice forms were not updated to reflect the change in definition of "settlement certificates," or the amount of attorneys' fees and costs Plaintiff's counsel intends to seek. *See* Dkt. No. 108, Ex. 1 & Ex. 2 ¶¶ 6, 14.

Rather than denying Plaintiff's motion for these reasons, the Court will grant the parties the opportunity to submit an updated settlement agreement and draft notice forms addressing the above concerns by March 24, 2017 at 12:00 p.m., should they choose to do so. The revised documents shall include redlined or highlighted copies clearly identifying any such modifications.

**IT IS SO ORDERED.**

Dated: 3/21/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2