# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MENDEZ, an individual, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>C-TWO GROUP, INC.; MOBILESTORM, INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 4:13-cv-05914-HSG<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement came on for hearing before this Court on June 29, 2017, the Honorable Haywood S. Gilliam, Jr. presiding. Having considered the Notice of Motion, the supporting Memorandum of Points and Authorities, the Declarations of Richard D. Lambert and Phoenix Class Action Administration Solutions, and the arguments of counsel, as well as all other matters presented to the Court, and based on the findings below and for good cause shown, **IT IS HEREBY ORDERED THAT** the Motion is **GRANTED** in its entirety.

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement; (2) reviewed and considered the application

of Class Counsel for an incentive award and reimbursement of costs; (3) held a Final Approval Hearing after being satisfied that notice to the Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on March 27, 2017 (the "Preliminary Approval Order"); (4) taken into account the presentations and other proceedings at the Final Approval Hearing; and (5) considered the Settlement in the context of all prior proceedings had in this litigation. Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

     A.    The Court finds and concludes that it has subject-matter jurisdiction over this Action and all claims within this Action, and personal jurisdiction over all the parties to this Action, including all members of the Class.

     B.    The Court finds and concludes that the Class provisionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes. Class Counsel and the Class Representative have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

     C.    The notice to putative Class Members was comprised of direct email notice to all Class Members. The Court finds and concludes that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the Action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

     D.    The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement and that no class member has elected to opt out of the Settlement.

     E.    The Court finds and concludes that the Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other hand.

F.      The Court finds and concludes that the Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Class.  In reaching this conclusion, the Court considered a number of factors, including:  (i) the strength of Plaintiff' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of discovery completed, and the stage of the proceedings; (vi) the experience and views of counsel; (vii) the presence of a governmental participant; and (viii) the reaction of the class members to the proposed settlement.  *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).

G.      The Court finds and concludes that all Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and final Judgment to be entered by the Clerk of the Court.

H.      The Court finds and concludes that the requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein and in the Preliminary Approval Order.  The Court finds and concludes that the number of Class Members is so numerous that joinder of all members is impracticable; that there are questions of law or fact common to the class; that the claims of the Class Representatives are typical of the claims of the Class; that the Class Representatives will fairly and adequately protect the interests of the class; that the questions of law or fact common to Class Members predominate over any questions affecting only individual members; and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The Court notes that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

The Court having found and concluded that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons: all individuals who entered their contact information online through Infusion Lounge's

website and were sent a text message from SMS Short Code 99158 that referenced the Infusion Lounge from November 5, 2009 through October 15, 2013.

For purposes of Settlement only, the named Plaintiff is certified as representative of the Class and Class Counsel is appointed counsel to the Class.  The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

The Court has reviewed the application for an incentive award and reimbursement of costs submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application.  The Court recognizes that Defendants have not opposed the application for an incentive award of $500.00 to be paid by Defendants to Plaintiff and a reimbursement of costs of $6,500.00 to be paid by Defendants.  The Court finds that Class Counsel's request for reimbursement of costs is fair, reasonable, and appropriate and hereby awards costs to Class Counsel in the amount of $6,500.00 and an incentive award to named Plaintiff in the amount of $500.00, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

Having finally approved the Settlement Agreement, the Action and the claims alleged therein are hereby ordered dismissed with prejudice.  The Court will enter a final judgment consistent with this Order.

**IT IS SO ORDERED.**


DATED: _____         _____
                                                                                     The Honorable Haywood S. Gilliam, Jr.
                                                                                     UNITED STATES DISTRICT JUDGE